## MARY C. KALLBOM ET AL.
## v.
## FREDERICK LIPP.

NEGLIGENCE.—As appellants' loss is fairly attributable to their own want of care, prudence and discretion in dealing with their real estate broker, as against one who, without fault, was induced to deal with that agent upon appearances which appellants themselves had clothed him with, a court of equity can afford no relief.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed December 16, 1886.

This was a suit in chancery brought by Frederick Lipp against Charles J. Kallbom and Mary C. Kallbom, his wife, to foreclose a trust deed upon certain described real estate, executed by the latter to one Frederick Freudenberg, August 5, 1881, and duly recorded; which trust deed was made to secure the promissory note of said Kallbom, bearing the same date as said deed, whereby they promised to pay to said Lipp the sum of one thousand dollars within two years after date, with interest at the rate of eight per cent. per annum; the bill alleging that the whole of said principal and interest from August 5, 1884, was due and payable. The bill also alleged that said Freudenberg had fraudulently executed to said Kallboms a release of said trust deed, which bore date August 15, 1881, and was recorded October 11, 1881, which purported to have been signed by said Lipp and said Freudenberg, said release deed reciting that said trust deed was made in error and no actual loan of money thereon had been made. But the bill alleged that in truth plaintiffs' name to said release deed was forged; that the full consideration of said trust deed was paid; and the bill prayed that said release deed might be set aside, and a foreclosure of said trust deed decreed.

The said defendants answered admitting that on said 5th

Kallbom v. Lipp.

day of August, 1881, they executed a note for one thousand dollars, but which they understood to be a note for one month only; that they executed a trust deed securing said note upon said property to said Freudenberg. But further answering they said, "that they received no money on said note at the time of the execution thereof, but that it was the agreement that the said Freudenberg should use the money thereon realized for the purpose of paying for said property;" that within a few days after said time they were informed by said Freudenberg that he could not use the note and trust deed mentioned for the purposes intended, and thereupon he produced said note and trust deed and in the presence of this defendant, Charles J. Kallbom, tore up said note and trust deed and destroyed the same; that they did not know at that time, but have since been informed, that said Freudenberg had caused said trust deed to be recorded; and they have also since learned that on or about August 15, 1881, the said Freudenberg caused said trust deed to be released and the release to be recorded.

Further answering they said that the note and mortgage described in the bill were not, nor either of them, signed, delivered or acknowledged by them, or either of them; that they were properly destroyed, and the release of the same properly recorded. And they further stated upon information and belief that when complainant Lipp bought the note and trust deed of said Freudenberg, if he bought the same, he well knew that no consideration had ever been paid for said trust deed, and he also well knew that a release had been recorded in the recorder's office of Cook county.

Replication was filed and the cause referred to the master, who heard testimony and reported in favor of complainant, but afterward the complainant was examined orally before the chancellor, who entered a decree setting aside the said release deed, finding the amount due to complainant to be $1,166.38, and decreed that said defendants pay that sum within five days, with interest at six per cent. and costs of suit, and in default thereof the mortgaged premises be sold. From that decree the said defendants took this appeal.

Messrs. BLANKE & CHYTRAUS, for appellants.

Mr. ARNOLD TRIPP, for appellee.

McALLISTER, P. J.   Upon an appeal or writ of error, every reasonable presumption is in favor of the correctness of the decree or judgment, and the burden is upon the appellant or plaintiff in error, to make evident such error as requires a reversal.   We are of opinion that the counsel for appellants in this case have failed in that respect.   The evidence shows by a clear preponderance, almost amounting to demonstration, that the note and trust deed described in the bill were signed, acknowledged, and left, by the appellants, with Freudenberg, a professed real estate agent and loan broker, for the 'purpose of having him obtain the amount of said note of appellee, said Lipp, to whom the note was made specifically payable, and under the agreement with Freudenberg, as appellants state in their answer, that he should use the money thereon realized for the purpose of paying for the property covered by the trust deed.   It appeared from undisputed testimony of appellee, taken orally before the ·chancellor, that while said note and trust deed were so in the hands of said Freudenberg, the agent of appellants, as they say in their answer, to receive and use the said money as above stated, the appellee, without notice of anything tending to affect the validity of said note or trust-deed, or the *bona fides* of the transaction, paid to Freudenberg, in cash, the sum of one thousand dollars, and took from him said note and trust deed, which appellee had ever since kept in his possession.   It is true that appellants never received, or had the benefit of, any part of said money; that Freudenberg, after having fraudulently and by forgery, made and put a supposed deed of release of said trust deed upon record, after the supposititious destruction of said note and trust deed in the presence of one of the appellants, and after another piece of forgery and fraud by which he obtained a large sum of money from another innocent party, with equal skill and cunning, made his escape out of the country.

It seems very hard that these parties, appellants, should be

compelled to submit to this loss, but a careful consideration of the record shows that it is fairly attributable to their own want of care, prudence and discretion. Undue confidence on their part in a professedly honest and capable business man, holding himself out to the public as such, but in reality a swindling villain, has brought the misfortune upon them, as it has upon thousands of others in similar cases. But as against one who, without fault, was induced to deal with that agent, upon appearances which appellants themselves had clothed him with, a court of equity can afford no relief.

The decree below will be affirmed.

Affirmed.

